## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Civil Action No. ___5:25-cv-10304_____

ANDREW PLATER, individually, and
behalf of all others similarly situated,

    Plaintiff,

v.

ALLIED VAN LINES, INC, and
JOHN DOES 1-10,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

**NOW COMES** ANDREW PLATER ("Plaintiff"), individually, and

behalf of all others similarly situated, by and through his undersigned counsel,

complaining of ALLIED VAN LINES, INC. ("Defendant") and JOHN DOES

1-10, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.    "The primary purpose of the TCPA was to protect individuals from

the harassment, invasion of privacy, inconvenience, nuisance, and other harms

1

associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Wixom, Michigan.

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

8.      Defendant is a long distance moving company offering nationwide service.

2

9.     Defendant maintains its principal place of business in Oakbrook Terrace, Illinois.

10.    Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a limited liability company.

11.    JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

12.    At all times relevant, Defendant had an agency relationship with John Does 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-10 (as the agents) and John Does 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of John Does 1-10, is liable for the acts of its agents John Does 1-10.

## FACUTAL ALLEGATIONS

13.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7479.

14.    At all times relevant, Plaintiff's number ending in 7479 was assigned to a cellular telephone service.

15.    At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     At no point in time did Plaintiff contract with Defendant or otherwise solicit any of Defendant's products.

17.     At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 7479.

18.     At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 7479.

19.     At all times relevant, Plaintiff's cellular telephone number ending in 7479 was registered on the National Do-Not-Call Registry.

20.     In January 2025, Defendant began placing voluminous solicitation calls to Plaintiff's cellular phone number.

21.     For example, on January 27, 2025, Defendant placed no less than seven (7) solicitation calls to Plaintiff's cellular phone number.

22.     Defendant uses pre-recorded messages (PRMS) to contact Plaintiff.

23.     Immediately after the calls began, Plaintiff contacted Defendant and requested it cease contacting him.

24.     Despite Plaintiff's request that Defendant cease its calls, Defendant continued bombarding Plaintiff's cellular phone number with solicitation calls.

25.     In calls Plaintiff did not answer, Defendant would leave pre-recorded voicemails on Plaintiff's cellular phone.

4

26.     Defendant placed no less than numerous solicitation calls to Plaintiff's cellular phone number, including calls from (833) 591-0356.

## DAMAGES

27.     Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

28.     Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29.     Frustrated and concerned with the escalation of Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to compel Defendant to cease its unlawful practices.

## CLASS ALLEGATIONS

30.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and

23(b)(3) individually, and on behalf of all others similarly situated ("Putative

Classes") defined as follows:

## Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a
third party acting on Defendant's behalf, placed, or caused to be
placed, a phone call; (2) directed to a residential or cellular
telephone number; (3) that is registered on the National Do-Not-
Call Registry; (4) in which the purpose of the call was to market
Defendant's moving services; (5) within the four years preceding
the date of the original complaint through the date of class
certification.

## Prerecorded Message Class

All individuals in the United States (1) to whom Defendant, or a
third party acting on its behalf, placed, or caused to be placed, a
phone call; (2) to a phone number assigned to a cellular telephone
service; (3) using an artificial or prerecorded voice; (4) without
the prior express written consent of the individual; (5) within the
four years preceding the date of this complaint through the date
of class certification.

32.     The following individuals are excluded from the Putative Classes:

(1) any Judge or Magistrate Judge presiding over this action and members of

their families; (2) Defendant, Defendant's subsidiaries, parents, successors,

predecessors, and any entity in which Defendant or its parents have a controlling

interest and their current or former employees, officers, and directors; (3)

Plaintiff's attorneys; (4) individuals who properly execute and file a timely

6

request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity

33.    Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

34.    The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

35.    The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

36.    The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors (John Does 1-10).

### B.    Commonality and Predominance

37.    There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

38.    Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.    Typicality**

39.    Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D.    Superiority and Manageability**

40.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41.    The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

42.    By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43.    Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

E.      **Adequate Representation**

44.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

45.     Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

46.     Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

## COUNT I:

**Violations of the Telephone Consumer Protection Act
(on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)**

47.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48.     Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained  by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national

do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

49.    Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed numerous solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

50.    As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

51.    Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the registry is publicly available and easily accessible.

52.    Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

53.    Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

10

A.     an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.     an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C.     judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.     judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E.     an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F.     an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G.     any further relief this Court deems just and proper.

11

## COUNT II

### Violations of the Telephone Consumer Protection Act
### (on behalf of Plaintiff and Members of the Prerecorded Message Class)

54.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

55.    Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

56.    The TCPA prohibits solicitation calls to wireless numbers unless the caller has the prior express consent of the called party.   47 U.S.C. § 227(b)(1)(A)(iii).

57.    Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.[1]

---

[1] 47 C.F.R. §§ 64.1200(a)(2) and (3).

58.    "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.

59.    The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."[2]

60.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by placing numerous solicitation calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's prior express written consent.

61.    As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering Defendant's calls.

---

[2] 47 C.F.R. § 64.1200(c)(2)(ii).

62.     As pled above, Plaintiff never provided Defendant with his cellular phone number or otherwise consented to receiving solicitation calls from Defendant.

63.     Upon information and belief, it is Defendant's business practice to place solicitation calls to consumers without their prior express written consent, a practice designed to maximize revenue at the expense of consumers' privacies and solitude.

64.     Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place solicitation calls to consumers.

65.     As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Prerecorded Message Class, requests the following relief:

A.     an order granting certification of the Prerecorded Message Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

14

B.    an order enjoining Defendant from placing further violating calls to consumers;

C.    judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.    judgment in favor of the Prerecorded Message Class for Defendant's violations of the TCPA;

E.    an award of $500.00 in damages to Plaintiff and the members of the Prerecorded Message Class for each violating call;

F.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Prerecorded Message Class for each violating call; and

G.    any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 31, 2025                Respectfully submitted,

**ANDREW PLATER**

By: */s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148

15

(630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*